*762 OPINION OF THE COURT
Joseph Rosenzweig, J.
On clear and convincing evidence, to the entire satisfaction of the court, finding of paternity made.
The evidence is clear that petitioner and respondent entered into a long and impassioned, if sometimes stormy, love affair, which lasted from the summer of 1971 until early 1976. They engaged in sexual relations on a frequent and ongoing basis during this period. The child who is the subject of this petition was born on June 3, 1974 at New York Hospital, the bills being paid by medical coverage paid for from respondent’s salary check, which deduction continued for approximately two and one-half years after the birth. During their relationship, the court finds that petitioner was constantly seeking more attention from respondent than he was ready to give her, and that there is no credible indication of any sexual relations with any other man during the critical period herein. (Respondent’s arguments on this point are based on a newspaper gossip column, his own afterthought testimony that he saw a suitcase in her apartment, and the very apparent fact that she could have had intercourse with other men if she had so desired.)
The respondent apparently never questioned his paternity until after this proceeding was commenced. He had a key to petitioner’s apartment, his mother visited petitioner in the hospital and even suggested the child’s name, he and his mother attended the child’s birthday party and gave her cards signed "Daddy” and "Grandma”. More than one year after the birth of the child, respondent (who claims their sexual relations had ended 10 months earlier) took the petitioner to have an abortion.
The court is entirely satisfied, after six days of testimony, that the respondent is the father of the subject infant, and that he and his family recognized and admitted that fact until he came to realize that he faced financial responsibilities as a result.
Respondent’s affirmative defense of Statute of Limitations is dismissed on two grounds:
(1) The Commissioner of Social Services is a proper party petitioner herein and thus the 10-year statute applies.
(2) Respondent has acknowledged paternity in writing on a *763 birthday card and more significantly on the child’s baptismal certificate.
On his brief, respondent raises for the first time an objection to the constitutionality of article 5 of the Family Court Act on the theory that it is of benefit to one sex only, analogizing it to alimony and rape statutes which have been stricken where only women could receive their benefits. It is the opinion of this court that this objection is entirely without merit. The court is aware that a trial court must respect the presumption of constitutionality except in the most glaring cases, and could rest its opinion on that presumption. But at least a brief comment would seem to be in order when an issue of constitutional dimensions is attempted to be raised.
To begin with, respondent overlooks the obvious fact that article 5 is of benefit to the child, regardless of gender. It provides for support of the child by both of the parents, regardless of gender. It is not unconstitutionally discriminatory for the State, in securing economic rights for its most helpless citizens, the children, to recognize the biological fact that the identity of the mother does not generally require a judicial proceeding to determine. Respondent also overlooks the fact that proceedings under article 5 may be, and have been, brought by both men and women.
Respondent seems to feel that it is unconstitutional to require a man to support his children so long as the law does not grant that man an absolute right to require the mother to undergo an abortion. To state this proposition is to establish its absurdity. As to his contention that he had no defense against petitioner’s use of her body "as a weapon”, the court would merely point out that respondent had one defense which apparently never occurred to him, the old-fashioned defense of fidelity.
Enter order of filiation.
Case is adjourned to Part I on July 12, 1979 for hearing on support order.